

FILED
SEP 10 2018
Clerk, U S District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALBERT VANLUCHENE, and YELLOWSTONE COUNTY, a political subdivision of the State of Montana,<br><br>Defendants. | CV 18-99-BLG-SPW-TJC<br><br>JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE |

This matter having been before this Court by Plaintiff, United States of America, by and through its attorney, Victoria L. Francis, Assistant United States Attorney for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.  This court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The real property

1

that is the subject of this foreclosure action is located in the County of Yellowstone, State of Montana, and is described as follows:

> That part of the S½SE¼ of Section 30, Township 1 South, Range 25 East, of the Principal Montana Meridian, in Yellowstone County, Montana, described as Tract 34, of Certificate of Survey No. 1133 on file in the office of the County Clerk and Recorder of said County, under Document No. 845884.

2. Albert VanLuchene received a Home Equity Conversion loan and mortgage/deed of trust, commonly referred to as a reverse mortgage from Intermountain Mortgage Co. Inc., on September 20, 2004. The Home Equity Conversion program was established by Congress under 12 U.S.C. § 1715 et seq. The loan and deed of trust was subsequently assigned to the U.S. Department of Housing and Urban Development (HUD). No payments on such loans are due, until all parties who signed the loan and mortgage are deceased, or have vacated the premises for one year. The loan is evidenced by a promissory note dated September 20, 2004. A true and correct copy of the promissory note is attached to the Complaint as Exhibit A.

3. As security for the above-described loan Albert VanLuchene executed two Deeds of Trust as described below:

    a.) A Deed of Trust with Intermountain Mortgage Co., Inc. as beneficiary on September 20, 2004. This Deed of Trust was filed for record with the Clerk and Recorder of Yellowstone County on September 24, 2005

as Document No. 3305881. The Home Equity Conversion deed of trust was insured by HUD under the National Housing Act as amended, 12 U.S.C. § 1701 et Seq. A true and correct copy of the Deed of Trust is attached to the Complaint as Exhibit B.

  b.) A Deed of Trust with the Secretary of Housing and Urban Development as beneficiary on September 20, 2004. This Deed of Trust was filed for record with the Clerk and Recorder of Yellowstone County on September 24, 2004 as Document No. 3305883. A true and correct copy of the Deed of Trust is attached to the Complaint as Exhibit C.

  4. The Adjustable Rate Home Equity Conversion Deed of Trust originally held by Intermountain Mortgage as described in paragraph 3 above was subsequently assigned by Intermountain Mortgage to Financial Freedom Senior Funding Corporation, subsidiary of Lehman Brothers Bank, on September 24, 2004. The Assignment of Deed of Trust was filed with Yellowstone County Clerk and Recorder on September 24, 2004 under Document Number 3305882. Financial Freedom Senior Funding Corporation, subsidiary of Lehman Brothers assigned the Adjustable Rate Home Equity Conversion Deed of Trust to Financial Freedom Senior Funding Corporation, a subsidiary of Indymac Bank, on April 11, 2005. The assignment was recorded with the Yellowstone County Clerk and Recorder's Office on April 11, 2005, as Document Number 3328626. Financial

Freedom Senior Funding Corporation, a subsidiary of Indymac Bank assigned the Adjustable Rate Home Equity Conversion Deed of Trust to the Secretary of Housing and Urban Development on April 17, 2009. The assignment was recorded with the Yellowstone County Clerk and Recorder on June 1, 2009, under Document Number 3509763. True and correct copies of all of the Assignments of the Deed of Trust are attached to the Complaint as Exhibit D.

5. The Deeds of Trust provide as security the real property located in Yellowstone County, Montana and described as follows:

> That part of the S½SE¼ of Section 30, Township 1 South, Range 25 East, of the Principal Montana Meridian, in Yellowstone County, Montana, described as Tract 34, of Certificate of Survey No. 1133 on file in the office of the County Clerk and Recorder of said County, under Document No. 845884.

6. Defendant, Albert VanLuchene, is in default under the terms of the promissory note and deeds of trust described above. The Deeds of Trust provide for immediate payment in full if the borrower dies or the property is not the principal residence of a least one surviving borrower. Albert VanLuchene is no longer living on the property. On June 1, 2016, Albert VanLuchene sent a letter notifying the lender that he no longer lived on the property. The account was accelerated on August 17, 2017.

7. Defendant, Albert VanLuchene, is indebted to the Plaintiff for the loans outlined above in the principal amount of $116,894.10, plus accrued interest in the amount of $59,560.99 as of February 13, 2018, plus administrative charges

4

for property tax, insurance and program fees in the amount of $18,742.61 for a combined total of $195,197.70 as of February 13, 2018. Interest continues to accrue from February 13, 2018, at the rate of $20.11 per day until the date of entry of judgment. Attached to the Complaint as Exhibit E is a Certificate of Indebtedness which verifies the amount due. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

8. Defendant, Albert VanLuchene, executed a Waiver of Service of Summons; it was filed with the Court on July 11, 2018. (Doc. 6). Defendant did not make an appearance. His default was entered on September 5, 2018. (Doc. 10).

9. Kevin Gillen, Deputy Yellowstone County Attorney, executed a Waiver of Service of Summons; it was filed with the Court on July 6, 2018. (Doc. 4). On July 6, 2018, Defendant Yellowstone County filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is the subject of the foreclosure to the date of sale. (Doc. 5).

## CONCLUSIONS OF LAW

10. Yellowstone County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

11. The Plaintiff, United States, is entitled to judgment against Defendant, Albert VanLuchene, in the principal amount of $116,894.10, plus accrued interest

5

in the amount of $59,560.99 as of February 13, 2018, plus administrative charges for property tax, insurance and program fees in the amount of $18,742.61 for a combined total of $195,197.70 as of February 13, 2018. Interest continues to accrue from February 13, 2018, at the rate of $20.11 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

12. The Plaintiff, United States, is entitled to an order of sale of the real property described herein.

Wherefore, based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Plaintiff, United States of America, has judgment against Defendant, Albert VanLuchene, in the principal amount of $116,894.10, plus accrued interest in the amount of $59,560.99 as of February 13, 2018, plus administrative charges for property tax, insurance and program fees in the amount of $18,742.61 for a combined total of $195,197.70 as of February 13, 2018. Interest continues to accrue from February 13, 2018, at the rate of $20.11 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2. Each and all of the material allegations contained in the Plaintiff's Complaint are true and correct.

3. The real property described hereafter, together with all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court. The real property is located in Yellowstone County, Montana, and described as follows:

> That part of the S½SE¼ of Section 30, Township 1 South, Range 25 East, of the Principal Montana Meridian, in Yellowstone County, Montana, described as Tract 34, of Certificate of Survey No. 1133 on file in the office of the County Clerk and Recorder of said County, under Document No. 845884.

4. Pursuant to 12 U.S.C. § 1701(k) there is no right of redemption.

5. The real property be sold in one unit.

6. If the Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but be in the form of suitable documentary evidence as a debit against the judgment.

7. The U.S. Marshal be required to provide a Certificate of Sale and Deed to the purchaser at the time of sale of the real property.

8. In the event the Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to the Plaintiff.

9. The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the

sale, and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

    A.    To Yellowstone County, Montana, to satisfy the principal amount of any assessed taxes, to the date of sale.

    B.    To the Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

    C.    Any overplus remaining after the payments to Yellowstone County and Plaintiff shall be paid by the United States Marshal for the District of Montana to the Clerk of this Court for further order of this Court.

    10.    The Defendants, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of the Plaintiff's deed of trust, either by mortgage, judgment, or decree, upon the real property described in the deed of trust subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, be forever barred and foreclosed of and from all equity of redemption and claim to the deed of trust or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

    11.    All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

DATED this 10th day of September, 2018.

*signature*
SUSAN P. WATTERS
United States District Court Judge